CHEMICAL NATIONAL BANK OF NEW YORK, APPELLEE, v. AMY H. KELLOGG, APPELLANT.

Submitted February 16, 1904—Decided June 13, 1904.

1. In a suit upon the record of a foreign judgment, the lack of jurisdiction must be presented to the court by the defendant.
2. A state of demand which alleges the recovery of a judgment upon personal service and defendant's appearance before the appellate division, second department of the Supreme Court of the State of New York, held in and for the county of New York, on costs and disbursements of an appeal from a judgment recovered below, is sufficient.

On appeal from District Court.

Before Justices FORT and GARRETSON.

For the appellant, *Ephraim Cutter*.

For the appellee, *William D. Tyndall*.

The opinion of the court was delivered by

GARRETSON, J. This is an appeal from a judgment entered in the District Court of Perth Amboy upon a judgment of the Supreme Court of the State of New York. The first objection urged is that the state of demand was defective in not alleging that the foreign court had jurisdiction over the subject-matter—that is, in relation to a certain appeal.

The state of demand alleges that the plaintiff, upon personal service of the summons therein and defendant's. appearance, recovered a judgment against the defendant before the appellate division, second department, of the Supreme Court of the State of New York, a court of competent jurisdiction, held in and for the county of New York, as costs and disbursements of an appeal from a judgment recovered below in an action against the defendant for $77.75. This alleges jurisdiction and sets forth the appearance of the defendant

in the action. The appeal appears to be a proceeding in the same court as the original, although in a different division. The lack of jurisdiction is a defence which must be presented to the court by the defendant. The state of demand is sufficient.

The next objection is that the exemplified copy of the judgment offered in evidence did not show that the judgment was rendered in the Supreme Court of the State of New York. The certificate is that, having examined the records of the clerk of the county of New York and clerk of the Supreme Court of said state for said county, we find a certain judgment there remaining, &c. The heading of this judgment is "Supreme Court, New York county." Then follows the title of the cause—"Chemical National Bank, plaintiff-respondent, against Amy H. Kellogg, defendant-respondent" —and recites an appeal to the appellate division of the Supreme Court, first department, from a judgment in favor of the plaintiff and against the defendant, entered in the office of the clerk of the county of New York; the affirmance of said judgment by said appellate division, with costs and disbursements, against the appellant, and that the plaintiff recover these costs against the defendant. It abundantly appears from the certificate and recital that the judgment sued on is that of the Supreme Court of the State of New York.

It is urged, also, that the entire record was not produced; that there must have been a remittitur or other papers sent down from the appellate division and other pleadings connected with the original judgment. The judgment in suit was in the same court in which the original judgment was entered, and it is not within the province of this court to determine in what form the record of the judgment sued on shall be, so long as it appears in terms to be a judgment of the foreign court.

It does not appear but that the practice in the Supreme Court of New York is to render a separate judgment for costs where there is an appeal to an appellate division of the same court.

The Supreme Court, in stating in the record that "it is

hereby unanimously ordered and adjudged that the judgment of the appellate division of the Supreme Court, first department, so appealed from, be and the same is hereby affirmed," was not affirming a judgment of a higher court, but only affirming its own judgment upon a hearing on appeal by another division of the same court.

We find no error in the proceedings in the District Court, and the judgment below is affirmed, with costs.